[No. 16319.  .Department Two.   September 26, 1921.]

MARY DIMITROFF, *as substituted for J. C. Howe, Trustee, Appellant,* v. JOHN BARTON PAYNE, *Director General of Railroads, Respondent.*[2]

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered July 28, 1920, upon findings in favor of the defendant, in an action on contract, tried to the court.  Affirmed.

*W. B. Mitchell*, for appellant.

*Edward J. Cannon, F. J. McKevitt*, and *Orville W. Duell*, for respondent.

[1] Reported in 200 Pac. 455.
[2] Reported in 200 Pac. 1102.

MITCHELL, J.—The complaint in this action was filed in the superior court of Spokane county, on March 2, 1920, by J. C. Howe, as trustee. By stipulation of the parties and an order of court, Mary Dimitroff was appointed as the successor of J. C. Howe, trustee. The action is to recover for railroad ties sold and delivered to the defendant. On the trial to the court without a jury on June 30, 1920, there was judgment for the defendant, from which the plaintiff has appealed.

The trial court made findings of fact substantially as follows: (1) That John Barton Payne, by appointment of the President, is acting as the successor of Walker D. Hines, formerly director general of railroads. (2) That the Northern Pacific Railway Company is a corporation engaged in interstate commerce. (3) That W. B. Mitchell sold and delivered on the Northern Pacific Railway Company's right of way at Hauser, Idaho, to Walker D. Hines as director general, in April and May, 1919, one thousand two hundred and fourteen railroad ties of the agreed value of $784.21. (4) That in procuring and manufacturing the ties, W. B. Mitchell employed a number of laborers he did not pay and who, in proper time and pursuant to the laws of Idaho, in which state the ties were procured and made, duly filed and recorded notices of lien for their labor on the ties. That an action was brought on July 7, 1919, in the district court of Idaho for Kootenai county (which court is one of general jurisdiction) for the foreclosure of the liens. That the district court of Idaho for Kootenai county had jurisdiction of the subject-matter of the action. That, following the commencement of the action in the district court of Idaho, W. B. Mitchell made and delivered to J. C. Howe an instrument in writing, dated July 10, 1919, by which he assigned the account of $784.21 owing by the director general of railroads. That thereafter W. B. Mitchell duly appeared in the foreclosure of lien actions in the district court of Idaho, wherein a trial was had which resulted in findings, conclusions and a decree of foreclosure of the liens on November 8, 1919. (5) That the district court of Idaho for Kootenai county had full and complete jurisdiction of the matters in controversy. That the ties herein in question were the same ties on which the plaintiffs therein had performed labor. That the amount due from the director general of railroads was insufficient to pay the lien claims, and that, pursuant to an order of the district court of Idaho, he paid the $784.21 into court to be applied on that judgment. (6) That the judgment of the district court of Idaho for Kootenai county is binding upon this court, and that, during the pendency of the action in Idaho, J. C. Howe delivered to the attorneys for the director general an instrument in writing as follows:

"Mr. Edward Ferris,       Sept. 20, 1919.

"Attorney at law, Old Nat'l Bank Bld'g.

"My dear Sir: In re the assignment from W. B. Mitchell to myself of his claim against the Ry. Co. for ties. If the Court of last resort shall hold that the plaintiffs have a valid lien against the 'ties' sold by Mitchell to the Ry. Co., I hereby agree that I will abide by such decision as against any rights which I may have under and by virtue of said assignment from Mitchell to myself, as far as Walker D. Hines and the Railway Co. are concerned.

"Trusting that the above will be sufficient to assure that your client will be held to no liability by virtue thereof, I am,

         "Very truly.  J. C. Howe.

"On conditions that you do not tender money in court unless the liens are held valid."

Written exceptions were filed to the findings.

The assignments of error are argued as one. They refer to the weight of the evidence. The evidence clearly preponderates in favor of the findings made, and also shows that no appeal was perfected from the judgment of the district court in Idaho within the time limited therefor, or at all.

Affirmed.

PARKER, C. J., MAIN, BRIDGES, and TOLMAN, JJ., concur.